UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARC ALAN KEARNEY** | : | **DOCKET NO. 2:22-cv-0338** |
| REG. # 62001-056 | | SECTION P |
| | | |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| | | |
| **WARDEN MA'AT** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed by Respondent Warden Sokut Ma'at. Doc. 15. This motion comes in response to a *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Marc Alan Kearney ("Kearney"). Kearney did not file an opposition to the motion and respondent's motion is now ripe for review.

For the reasons below, we recommend that the Motion to Dismiss be **GRANTED**.

### I.
#### BACKGROUND

Petitioner, Marc A. Kearney, is presently serving a federal sentence in the custody of the United States Bureau of Prison ("BOP") in the Federal Correctional Institution in Oakdale, Louisiana ("FCIO"). On February 2, 2022, he filed a Petition for Writ of Habeas Corpus requesting expungement of a disciplinary report and reinstatement of 41 days of Good Conduct Time. Doc. 1. The documents attached to the respondent's motion establish that the report has been expunged and 41 days of Good Conduct Time have been restored. *See* doc. 15, att. 2, Declaration of G. Rawls, attorney for BOP.

## II.
## LAW AND ANALYSIS

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue a writ of habeas corpus as to an individual in custody in violation of the Constitution or laws or treaties of the United States. In the writ, Petitioner requested expungement of a disciplinary report and reinstatement of Good Conduct Time. As discussed below, Petitioner's contentions are now moot because the report has been expunged and the Good Conduct Time has been restored.

A court should dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) if the court lacks statutory or constitutional authority to adjudicate a case. The United States Constitution, Article III, Section 2, Clause 1, requires the existence of a case or controversy to support a federal court's jurisdiction. *Spencer v. Kemna*, 118 S.Ct. 978, 983 (1998). A case becomes moot "when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Commission v. Geraghty*, 100 S.Ct. 1202, 1208 (1980) (quoting *Powell v. McCormack*, 89 S.Ct. 1944, 1951 (1969)). A § 2241 motion is rendered moot when the court cannot grant the relief requested by the moving party. *Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Because Kearney has received the relief he requested, he can no longer satisfy the case or controversy requirement of Article III of the Constitution.

## III.
## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the unopposed Motion to Dismiss (doc. 15) be **GRANTED** and this petition be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 26th day of August, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE